# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**No. 21-1247V**

|  |  |
|---|---|
| AMANDA FARLIN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 26, 2023 |

*Howard Dale Mishkind, Mishkind Law Firm Co., L.P.A., Beachwood, OH, for Petitioner.*

*Camille Jordan Webster, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On April 19, 2021, Amanda Farlin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received in her left arm on October 13, 2020. Petition at 1. Petitioner further alleges that the vaccine was received in the United States, her symptoms continued for more than six months, and there have been no prior awards or settlements of a civil action for damages as a result of her condition. Petition at ¶¶ 2, 12 15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On June 26, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that Petitioner has satisfied the Table and Qualifications and Aids to Interpretation criteria for SIRVA, in that "petitioner had no history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration; she more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and there is no other condition or abnormality present that would explain petitioner's symptoms." *Id.* at 5-6. Respondent further agrees that "the records show that petitioner timely filed her case, that she received the flu vaccine in the United States, and that she satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration." *Id.* at 6. Respondent further notes that Petitioner alleges there have been no prior award or settlements of a civil action for damages as a result of her condition. *Id.* Thus, Respondent agrees that Petitioner  has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master